IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEMETRIS AGGREY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:26-CV-00128-O |
| | § | |
| INTER-LOGISTICS MARKETING | § | |
| COMPANY, ET AL. | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Before the Court are Plaintiff's Supplemental Briefing on the Issue of Improper Joinder, Motion to Remand, and Memorandum in Support (ECF No. 6) and Defendant Reliable's Response in Opposition to Plaintiff's Motion to Remand (ECF No. 10). The Court concludes there is no reasonable basis to predict that Plaintiff might recover against Defendant Crossdock. Accordingly, the Court finds Crossdock was improperly joined, which compels its **DISMISSAL without prejudice**. Because the remaining parties are completely diverse in their citizenship and the jurisdictional amount in controversy is satisfied, the Court has subject matter jurisdiction over this matter and hereby **DENIES** Plaintiff's Motion to Remand.

I.    BACKGROUND[1]

Plaintiff Demetris Aggrey ("Plaintiff") filed suit against Defendants Reliable Metal Buildings, LLC ("Reliable"), ET Expedite LLC ("ET"), and Inter-Logistics Marketing Company d/b/a Crossdock Connect ("Crossdock") on November 11, 2025, in the 153rd District Court of Tarrant County, Texas, based on a personal injury claim. Before Plaintiff served Crossdock,

---

[1] The background facts are taken from Plaintiff's Supplemental Briefing on the Issue of Improper Joinder, Motion to Remand, and Memorandum in Support (ECF No. 6).

Reliable removed the case to federal court. On November 11, 2025, Plaintiff dismissed that lawsuit before any defendant answered.

On November 24, 2025, Plaintiff refiled suit against Crossdock, as the sole defendant, in the 153rd District Court of Tarrant County, Texas (the "Second Lawsuit"). Plaintiff served Crossdock with a state court citation on December 8, 2025, and Crossdock filed its answer to the state court lawsuit on December 29, 2025. On January 6, 2026, Plaintiff amended the Second Lawsuit to add Reliable and ET as defendants. Plaintiff further amended the Second Lawsuit, on February 5, 2026, to add JTS Warehouse Management and Logistics Inc., JTS Logistics Group Inc., and Jay Transport Service LLC d/b/a JTS Group (together "JTS Entities"). Crossdock and the JTS Entities are alleged to be citizens of Texas.[2]

Reliable removed the case to federal court on February 6, 2026, alleging that diversity jurisdiction existed because of the improper joinder of Crossdock.[3] In response to the Court ordering Plaintiff to respond to the improper joinder allegations, Plaintiff filed a Supplemental Briefing on the Issue of Improper Joinder, a Motion to Remand, and a Memorandum in Support on the issue of improper joinder. Defendant Reliable responded opposing remand. Plaintiff's Motion to Remand is now ripe for the Court's review.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could

---

[2] Notice Removal 1–2, ECF No. 1.
[3] *Id.* at 3.

have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). Under diversity jurisdiction, federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and every plaintiff is a citizen of a different state than every defendant. 28 U.S.C. § 1332(a)(1).

### A.     Improper Joinder

The doctrine of improper joinder is a narrow exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum if the in-state defendants were improperly joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "[A] nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief may be granted." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). The removing party bears the heavy burden of establishing improper joinder. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). When removal is premised on the improper joinder of a nondiverse defendant, the defendant seeking removal must establish improper joinder by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant" or "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. There are two tests the court may employ to determine whether a plaintiff has a reasonable basis of recovery under state law. The court may conduct a Rule 12(b)(6)-type analysis "looking initially at the allegations of the complaint to determine

whether the complaint states a claim under state law against the in-state defendant." *Id.* Generally, there is no improper joinder if the plaintiff can survive a Rule 12(b)(6) challenge. *Id.* However, in cases where "a plaintiff has stated a claim [] but has misstated or omitted discrete facts that would determine the propriety of joinder" the "district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* A summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. The "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573.

> **B.      Forum Defendant Rule**

28 U.S.C. § 1441(b)(2) governs removal based on diversity of citizenship and provides that "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The forum defendant rule is only applicable when "a home-state defendant has been served in accordance with state law." *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020). The Fifth Circuit accepted the Third Circuit's conclusion "that § 1441(b)(2) included the 'properly joined and served' phrase to address 'fraudulent joinder by a plaintiff.'" *Anaya v. Schlumberger Tech. Corp.*, No. 24-20170, 2024 WL 5003579, at *3 (5th Cir. Dec. 6, 2024) (citing *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018)). Although "improper joinder" and "fraudulent joinder" are synonymous, the Fifth Circuit has adopted the term "improper joinder." *See Smallwood*, 385 F.3d at 571 n. 1.

### III.    ANALYSIS

Reliable removed this case to federal court on February 6, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446 under diversity jurisdiction created by the improper joinder of Crossdock.[4] Plaintiff argues this case should be remanded to state court because Crossdock is a resident defendant who was served prior to removal and discovery may reveal additional facts that support Crossdock's liability to Plaintiff.[5] Reliable argues the forum defendant rule does not apply because Crossdock was improperly joined.[6] The Court agrees with Reliable and addresses improper joinder first.

#### A.    Improper Joinder

Improper joinder exists when a plaintiff is unable to "establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. To determine whether there is any reasonable basis for the court to predict that the plaintiff might recover against the defendant in question, the Court must either use a 12(b)(6) type analysis to evaluate the complaint or pierce the pleadings to conduct a summary inquiry.

In his Second Amended Petition, Plaintiff alleged that Crossdock was negligent in "crossdocking and rearranging the load Plaintiff was transporting" at the time of the alleged injury.[7] Further, Plaintiff alleged that Crossdock owned or operated the warehouse where the alleged injury occurred.[8] But in his Supplemental Briefing, Plaintiff reveals that his injury occurred at a different warehouse facility owned or operated by one or more of the JTS Entities.[9] Because of Plaintiff's incorrect belief that Crossdock's warehouse was the location of his alleged injury,

---

[4] Def.'s Notice Removal ¶ 16, ECF No. 1.
[5] Pl.'s Supp. Br. ¶ 18, ECF No. 6.
[6] Def.'s Resp. Opp'n Pl.'s Mot. Remand 4, ECF No. 10.
[7] App. Supp. Def.'s Notice Removal ¶ 24, ECF No. 1-8.
[8] *Id.* at ¶ 18.
[9] Pl.'s Supp. Br. ¶¶ 11-13, ECF No. 6.

Plaintiff misstated the location of the alleged injury.[10] Plaintiff concedes "he would have filed suit against the additional Texas defendants only and served them with process before adding Reliable and ET to the lawsuit" if he "had known of his erroneous belief before filing his lawsuits."[11]

Although the facts pleaded by Plaintiff are sufficient to state a claim that is plausible on its face, Plaintiff misstated "discrete facts that would determine the propriety of joinder." *Id*. Here, the Court, in its discretion, pierces the pleadings to conduct a summary inquiry. *Id.* Discovery is not needed to pierce the pleadings in this case because the initial complaint contained allegations that were conceded to be false in the Plaintiff's Supplemental Briefing. While Plaintiff argued "discovery may reveal additional facts sufficient to support Crossdock's liability to the Plaintiff," the Court rejects this argument finding Plaintiff's misstatement of discrete facts affirmatively negates all claims brought against Crossdock in the complaint.[12] Because there is no legitimate factual basis for any allegations against Crossdock, there is no reasonable basis for the Court treat Crossdock as a properly joined defendant. The Court also rejects Plaintiff's argument that "the slight possibility of a right to relief is sufficient to defeat a claim of fraudulent joinder."[13] A "mere theoretical possibility of recovery under local law" is not sufficient to preclude removal and a finding of improper joinder. *Badon v. R J R Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000); *see also Griggs*, 181 F.3d at 701.

Reliable has met its burden of persuading this Court that Crossdock was improperly joined. *See Travis*, 326 F.3d at 649. If "a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice." *Int'l Energy Ventures*,

---

[10] *Id.* at ¶ 12.
[11] *Id.* at ¶ 14.
[12] *Id.* at ¶ 18.
[13] *Id.* at ¶ 17.

818 F.3d at 209. Therefore, the Court **DISMISSES** Crossdock without prejudice. FED. R. CIV. P. 21. The Court turns next to the forum defendant rule.

### B.      Forum Defendant Rule

In cases removable solely based on diversity jurisdiction, the forum defendant rule provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). When Reliable removed the case to federal court on February 6, 2026, Crossdock, Reliable, and ET were the only defendants that had been served. Of the three defendants who had been served, the parties do not dispute that Crossdock was the only forum defendant. Although Plaintiff added the JTS Entities, all of which are forum defendants, to the lawsuit on February 5, 2026, none of the JTS Entities had been served before Reliable removed the case. Because the forum defendant rule is only applicable when a home state defendant has been served at the time of removal, the Court only considers defendants Crossdock, Reliable, and ET for the purposes of this analysis. *See Tex. Brine Co*, 955 F.3d at 486. Although Crossdock had been served at the time of removal, Crossdock was not a "part[y] in interest properly joined." 28 U.S.C. § 1441(b)(2). This Court found Crossdock was improperly joined because there is no reasonable basis for the court to predict that Plaintiff might recover against Crossdock in state court.

Because the diverse defendants Reliable and ET were the only parties properly joined and served at the time of removal, the forum defendant rule does not apply to prevent removal. Therefore, the Court finds that Reliable's removal was proper. Plaintiff's Motion to Remand is **DENIED**.

## IV.   CONCLUSION

For the reasons stated above, Crossdock is **DISMISSED without prejudice.** And because Reliable's removal based on the improper joinder of Crossdock was proper, Plaintiff's Motion to Remand is **DENIED**.

**SO ORDERED** on this **22nd day** of **June, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**